THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Latesha Wise, Allison Turner, John Doe, whose true name is unknown and 
 Tresevant Wise (April 20, 2000),       
Defendants,
of whom Latesha Wise is       
Appellant.
 
 
 

Appeal From Fairfield County
Walter B. Brown, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-546
Submitted July 15, 2003  Filed September 
 25, 2003   

AFFIRMED

 
 
 
Debra A. Matthews, of Winnsboro, for Appellant
Betsy White Burton, of Winnsboro, for Respondent(s).
April Porter Counterman, of Chester, Carol Ann Tolen, of Winnsboro, for Guardian 
 Ad Litem
 
 
 

PER CURIAM:   Latesha Wise appeals 
 from the family court order terminating her parental rights to her son, Tresevant 
 Wise.  Pursuant to Ex parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), 
 Wises attorney filed an affidavit asserting the appeal has no merit.  Wises 
 guardian ad litem and the attorney for the South Carolina Department of Social 
 Services (DSS) have also filed affidavits of no merit.  Wises attorney did 
 not file an appellate brief, and Wise did not file a pro se brief.  
 We affirm.
FACTUAL/PROCEDURAL HISTORY
Wise was placed in the care of DSSs 
 Adult Protective Services on February 2, 1998, and she was later diagnosed with 
 schizophrenia, undifferentiated type.  Admitted and released from various mental 
 health facilities, Wise heard voices commanding her to kill someone, had periodic 
 mood swings, and was occasionally fearful that someone was trying to poison 
 her.   On May 25, 2000, DSS took custody of Wises weeks old infant son, Tresevant, 
 when Wise appeared unable to care for herself or the child.   Wise was granted 
 twice monthly visitation with Tresevant and ordered to attend and complete a 
 parenting class at the merits hearing.   Wise was not ordered to pay child support 
 at the merits hearing.  DSS later served Wise, Tresevants putative father, 
 [1] and John Doe, to commence this action for termination of parental rights. 

Rufus Timms, Wises DSS Adult Protective 
 Services caseworker, testified at the termination hearing.  Timms stated that 
 Wise was moved to different mental health facilities because she became unstable 
 and caused disruptions.  Timms stated that although Wise was employed on a couple 
 of occasions, she was unable to maintain employment and was fired.  He also 
 stated she was unable to maintain housing for herself and was never competent 
 after the time she came into Adult Protective Services custody.  
Virginia Morris, a social worker at 
 Richland Springs Psychiatric Hospital, testified regarding Wises hallucinations, 
 paranoia, and mood swings.   Morris stated that Wise was admitted at Richland 
 Springs because she was noncompliant with her medications.  Wises family was 
 not supportive of her during her hospitalization.   Yvonne Mockabee, Wises 
 social worker from Bryan Hospital, testified that she hoped that Wise would 
 be released from Bryan into a residential mental health facility.  Mockabee 
 did not believe that the residential facility allowed a patients children to 
 live there with them. 
Essie Brown, Tresevants foster care 
 caseworker, testified that Tresevant remained in the same foster care home from 
 the time he was removed and that he was adjusting well.   Brown opined that 
 Wise was unable to care for Tresevant or herself, that she did not have appropriate 
 housing and could not obtain housing in the foreseeable future, that Wise has 
 been unable to maintain employment, and that Wise had failed to provide gifts 
 or clothes to Tresevant.   Brown admitted she had only taken Tresevant for two 
 or three visits with Wise in the two years he was in foster care because she 
 was concerned about taking him into mental health facilities.  
The family court found the minor child 
 had lived outside of Wises home for a period exceeding six months and that 
 Wise had willfully failed to support the child or make material contributions.   
 The order noted that although DSS had failed to comply with an earlier order 
 to facilitate visitation between Wise and the child, the refusal to expose the 
 child to psychiatric facilities was nevertheless in the best interest of the 
 child.  The court found that Wise had failed to remedy the conditions that caused 
 removal and was unable to maintain employment and housing.  The court found 
 that Wises schizophrenia rendered her unlikely to provide minimally acceptable 
 care for Tresevant in the future.  Finally, the court found it was in the best 
 interest of Tresevant for Wises parental rights to be terminated.  Accordingly, 
 Wises parental rights were terminated.  Wise appeals.
STANDARD OF REVIEW
The best interest of the child is the paramount 
 consideration in a termination of parental rights case.  South Carolina Dept 
 of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 511 (Ct. 
 App. 2001); South Carolina Dept of Soc. Servs. v. Smith, 343 S.C. 129, 
 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  Grounds for termination of parental 
 rights must be proved by clear and convincing evidence.  Hardy v. Gunter, 
 353 S.C. 128, 134, 577 S.E.2d 231, 234 (Ct. App. 2003) (citing Hooper v. 
 Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 366 (1999)).  On appeal of 
 a termination of parental rights case, the appellate court may review the entire 
 record and determine the facts according to our view of the evidence.  Richland 
 County Dept of Soc. Servs. v. Earles, 330 S.C. 24, 32, 496 S.E.2d 864, 
 868 (1998).  This broad scope of review, however, does not require us to ignore 
 the family court judge who was in a better position to view the witnesses and 
 assess their credibility.  Cummings, 345 at 293, 547 S.E.2d at 509.   

DISCUSSION
The family court judge relied upon three 
 grounds for termination of Wises parental rights pursuant to S.C. Code Ann. 
 § 20-7-1572 (Supp. 2002): (1) Tresevant lived outside of her home for a period 
 exceeding six months and Wise willfully failed to support him; (2) Wise failed 
 to remedy the situation necessitating placement of the child; and (3) Wises 
 diagnosable condition was unlikely to improve.  Based upon these findings, the 
 family court ordered that it was in Tresevants best interest for Wises parental 
 rights to be terminated. [2]   
A.        Willful Failure to Pay 
 Support
The family court found that Wise willfully 
 failed to support or make a material contribution to Tresevants care pursuant 
 to section 20-7-1572(4).  A material contribution includes either financial 
 contributions according to the parents means or contributions of food, clothing, 
 shelter, or other necessities for the care of the child according to the parents 
 means.  S.C. Code Ann. § 20-7-1572(4) (Supp. 2002).  Whether the failure to 
 support a child is willful is a question of intent to be determined in each 
 case from all the facts and circumstances.  Hooper, 334 S.C. at 297, 
 513 S.E.2d at 367.  The decision that a parent has willfully failed to support 
 a child must be supported by clear and convincing evidence and a family court 
 is given discretion in making this determination.  Id.
Wise was never ordered to pay child support.   
 She was gainfully employed on a couple of occasions for a short period of time.   
 Nevertheless, she still failed to provide diapers, clothing or any other contributions 
 to Tresevants care.  Because Wise failed to provide any material contributions, 
 we find there is clear and convincing evidence to support the family courts 
 decision to terminate Wises parental rights on this ground.
B.        Failure to remedy conditions
The family court found Wise failed to 
 remedy the conditions that led to the removal of Tresevant pursuant to section 
 20-7-1572(2).  This section provides as a ground for termination of parental 
 rights where [t]he child has been removed from the parent pursuant to Section 
 20-7-610 or Section 20-7-736, has been out of the home for a period of six months  
 . . . , and the parent has not remedied the conditions which caused the removal.  
 S.C. Code Ann. § 20-7-1572(2) (Supp. 2002).  
Tresevant was removed from Wises custody 
 because she appeared unable to care for herself or for a child.   Testimony 
 from Wises Adult Protective Services caseworker, her caseworker from Richland 
 Springs, the caseworker from Bryan Hospital, and Tresevants foster care caseworker 
 indicate that Wise could not maintain employment or suitable housing and her 
 condition was not likely to change in the near future.  We find there was clear 
 and convincing evidence that Wise failed to remedy the situation that necessitated 
 the original removal of Tresevant from her care and she would be unable to provide 
 a stable environment in the future.
C.        Diagnosable Condition
The family court found Wises schizophrenia, 
 undifferentiated type, was unlikely to change and rendered her unable to provide 
 minimally acceptable care for a child.  See S.C. Code Ann. § 20-7-1572(6) 
 (Supp. 2002) (stating as a grounds for termination where The parent has a diagnosable 
 condition unlikely to change within a reasonable time including, but not limited 
 to,  . . . mental illness . . . , and the condition makes the parent unlikely 
 to provide minimally acceptable care of the child.).
The record shows that since coming into Adult 
 Protective Services custody in 1998, Wise has been hospitalized in several 
 different residential facilities for treatment of her schizophrenia.  Despite 
 these hospitalizations, Wise was noncompliant with her medications and suffered 
 from audible hallucinations and paranoia.  Wises caseworker testified that 
 Wise has not been competent since she was placed in Adult Protective Services 
 custody.  We conclude there was clear and convincing evidence to support the 
 family courts decision to terminate Wises parental rights on this ground.   

CONCLUSION
After a thorough review of the briefs 
 and records pursuant to Ex parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 
 (1987), we can discern no issues of arguable merit in this appeal.  There is 
 clear and convincing evidence to support the grounds relied upon by the family 
 court for termination of Wises parental rights.  The evidence also supports 
 the family courts determination that termination of Wises parental rights 
 would be in the best interest of the child.  Accordingly, we affirm the decision 
 of the family court and grant counsels petition to be relieved as counsel.  

 AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, 
 JJ., concur.

 
 
 [1]   Allison Turner was alleged to be Tresevants father.  Paternity 
 tests revealed that Turner was not the childs father, and he was dismissed 
 as a party to the termination action. 

 
 
 [2]   The family court also found DSS failed to facilitate visitation 
 between Wise and Tresevant, but that failure was nevertheless in the childs 
 best interest.  Despite the great concern we have that Wise was denied her 
 court-ordered visitation by DSS, this issue was not relied upon by the family 
 court in terminating Wises parental rights and we need not address it here.